UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CRIMINAL ACTION NO. 3:14-CR-061-TBR-CHL

UNITED STATES OF AMERICA,                                                    PLAINTIFF

v.

THOMAS SAYLOR,                                                               DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Defendant Thomas Saylor's pro se Motion for Modification of Sentence. [R. 64.] The United States (hereinafter "the Government") responded. [R. 66.] This matter is now ripe for adjudication. For the reasons stated herein, Saylor's Motion for Modification of Sentence, [R. 64], is **DENIED**.

## BACKGROUND

On June 15, 2016, Thomas Saylor pleaded guilty to advertising or soliciting material involving the sexual exploitation of a minor, receipt of child pornography, and two counts of transportation of child pornography. [R. 51 at 2 (Judgment and Commitment Order).] This Court ordered Saylor committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of 300 months. [*Id*. at 3.] The Court further stated: "The term of imprisonment imposed herein *shall run consecutively* to the sentence of imprisonment the defendant is presently serving in Jefferson County Circuit Court, Louisville, Kentucky, Case Number 11-CR-2601." [*Id*. (emphasis added).] Currently, Saylor is serving five years at a state penal institution for violation of his probation conditions. [R. 49 at 9, ¶ 42 (Final PSR); R. 64 at 2 (Saylor Motion for Modification); R. 66 at 1 (Government Response).]

1

Saylor now moves the Court to modify his sentence. [R. 64.] Specifically, he asks the Court to allow his federal sentence to run concurrently with his state sentence for a total term of 25 years and to allow him to serve the entire time in a state penal institution. [*Id*. at 1.]

## DISCUSSION

As an initial matter, the Court notes that district courts may modify a defendant's sentence after it has been imposed under only the limited set of circumstances set out in 18 U.S.C. § 3582(c). *See United States v. Williams*, 607 F.3d 1123, 1125 (6th Cir. 2010) ("Unless the basis for resentencing falls within one of the specific categories authorized by section 3582(c), the district court lack[s] jurisdiction to consider [the defendant's] request.") Saylor has not argued that any of those circumstances apply here nor does the Court find that any apply.[1] Thus, the Court finds that it does not possess the necessary jurisdiction to entertain Defendant's motion. However, out of an abundance of caution, the Court will address the specific statutes cited by Saylor in support of his motion.

Saylor cites two statutes to support his request that the Court allow his federal sentence to run concurrently with his state sentence. First, he claims that the Court has the authority to change his sentence under Kentucky Revised Statute 532.110. [R. 64 at 2.] The Government responds that "federal court judges are not subject to state law when a federal law applies." [R. 66 at 2.] The Court agrees. The Supremacy Clause of the United States Constitution provides that the laws of the United States "shall be the supreme law of the land . . .." U.S. CONST. art VI, cl. 2. Consistent with that command, the Supreme Court has "long recognized that state laws that conflict with federal law are 'without effect.'" *Altria Grp., Inc. v. Good*, 555 U.S. 70, 76 (2008)

---

[1] Saylor, not the Director of the Bureau of Prisons, made the instant motion, so 18 U.S.C. § 3582(c)(1)(A) does not apply. Section 3582(c)(1)(B) does not apply because neither another statute nor Federal Rule of Criminal Procedure 35 permits the type of sentence modification Saylor seeks. And Saylor is not moving for a reduction in sentence based upon a change in the sentencing guidelines, so § 3582(c)(2) is also inapplicable.

(quoting *Maryland v. Louisiana*, 451 U.S. 725, 746 (1981)). Even if "a state court may express its intent that a defendant's state sentence run concurrently with a previously imposed federal sentence, this intent is not binding on federal courts or the BOP." *Davenport v. Ormond*, No. 6: 16-295-DCR, 2017 WL 4230400, at *4 (E.D. Ky. Sept. 20, 2017) (quoting *United States v. Allen*, 124 F. App'x 719, 720 (3d Cir. 2005)). Thus, Kentucky law does not apply here as 18 U.S.C. § 3584(a) also addresses multiple sentences of imprisonment.

Secondly, Saylor quotes 18 U.S.C. § 3584(a), which states:

(a) Imposition of concurrent or consecutive terms.--If multiple terms of imprisonment are imposed on a defendant at the same time, or if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively, except that the terms may not run consecutively for an attempt and for another offense that was the sole objective of the attempt. Multiple terms of imprisonment imposed at the same time run concurrently unless the court orders or the statute mandates that the terms are to run consecutively. *Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.*

18 U.S.C. § 3584(a) (emphasis added). In compliance with the statute, the Court ordered Saylor's previously imposed five year state term to run consecutively with his 300 month federal term. [R. 51 at 3.] Without further argument from Saylor on the interpretation of this statute, the Court finds that it properly ordered the two terms to run consecutively.

Saylor also requests the Court allow him to serve his full sentence in a state penal institution, citing 18 U.S.C. § 3621(b) and (f) for support. [R. 64 at 3.] Section 3621(b) states:

(b) Place of imprisonment.--The Bureau of Prisons shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable, considering--
(1) the resources of the facility contemplated;
(2) the nature and circumstances of the offense;

3

(3) the history and characteristics of the prisoner;
(4) any statement by the court that imposed the sentence--
     (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
     (B) recommending a type of penal or correctional facility as appropriate; and
(5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

18 U.S.C. § 3621(b). Section 3621(f) states:

(f) Sex offender management.--
(1) In general.--The Bureau of Prisons shall make available appropriate treatment to sex offenders who are in need of and suitable for treatment, as follows:
     (A) Sex offender management programs.--The Bureau of Prisons shall establish non-residential sex offender management programs to provide appropriate treatment, monitoring, and supervision of sex offenders and to provide aftercare during pre-release custody.
     (B) Residential sex offender treatment programs.--The Bureau of Prisons shall establish residential sex offender treatment programs to provide treatment to sex offenders who volunteer for such programs and are deemed by the Bureau of Prisons to be in need of and suitable for residential treatment.
(2) Regions.--At least 1 sex offender management program under paragraph (1)(A), and at least one residential sex offender treatment program under paragraph (1)(B), shall be established in each region within the Bureau of Prisons.
(3) Authorization of appropriations.--There are authorized to be appropriated to the Bureau of Prisons for each fiscal year such sums as may be necessary to carry out this subsection.

18 U.S.C. § 3621(f). The Government responds that § 3621 gives the Bureau of Prisons

("BOP") discretion to choose the location of imprisonment, not this Court. [R. 66 at 3-4.]

The Court agrees with the Government. Under § 3621, the BOP has the power to decide

the place of the prisoner's imprisonment, as well as the appropriate treatment for sex

offenders. *See* 18 U.S.C. § 3621(b) and (f). Furthermore, although this Court

recommended that Saylor "be placed in a medical facility to address his medical/mental

health issues and be placed . . . near his family," [R. 51 at 3], this has "no binding effect

on the authority of the Bureau under [§ 3621] to determine or change the place of

imprisonment . . ..” 18 U.S.C. § 3621(b). Therefore, it is under the BOP's discretion, not that of this Court, to decide where Saylor is imprisoned.

In summary, the Court finds that Saylor's sentence will not be modified. The Court properly ordered Saylor's federal sentence to run consecutively to his state sentence in compliance with 18 U.S.C. § 3584(a), and, according to 18 U.S.C. § 3621(b), it is ultimately under the discretion of the BOP to choose Saylor's location of imprisonment. Therefore, Saylor's Motion for Modification of his Sentence, [R. 64], is DENIED.

## CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED**: Defendant Thomas Saylor's Motion for Modification of Sentence, [R. 64], is **DENIED**.

**IT IS SO ORDERED**.


cc: Counsel of Record

Thomas Saylor, pro se
267961
Kentucky State Reformatory
3001 W. Highway 146
LaGrange, KY 40032

**Thomas B. Russell, Senior Judge**
**United States District Court**

June 20, 2018

5